**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

THREATLOCKER, INC.,

Plaintiff,

v. Case No.: 6:25-cv-00923-AGM-LHP

CHARLES SCHWAB & CO. INC.,

Defendant,

---

**ORDER**

This cause comes before the Court on review of Defendant Charles Shwab & Co. Inc.'s Time Sensitive Motion to Compel. Doc. No. 72.[1] Plaintiff ThreatLocker, Inc. responds in opposition. Doc. No. 74. Upon consideration of the briefing and associated exhibits, the Court finds supplemental conferral and additional briefing appropriate, as set forth below. *See* Doc. No. 25 ¶ 6.

Specifically, the motion concerns Defendant's Third Set of Requests for Production to Plaintiff ("Third Requests"), served on February 4, 2026 (Doc. No. 72-1) and Defendant's Fourth Set of Requests for Production to Plaintiff ("Fourth Requests"), served on June 11, 2026 (Doc. No. 72-3). Doc. No. 72. Plaintiff responded to the Third Requests on March 6, 2026. Doc. No. 72-2. And Plaintiff

[1] Although labeled as "time sensitive," the only basis is scheduled depositions, which does not for the Court an emergency make.

responded to the Fourth Requests on July 20, 2026. Doc. No. 74-1. On September 4, 2026, however, Plaintiff's counsel withdrew, and new counsel appeared. *See* Doc. Nos. 64–69. Since that time, Defendant and new counsel for Plaintiff have been conferring regarding the discovery. *See generally* Doc. Nos. 72-5, 72-6. As Defendant states, the conferral occurred "during phone calls on September 10 and September 28, as well as over email on September 16, 17, 22, 29 and October 5, 2026. Doc. No. 72, at 1, 4. Plaintiff withdrew several objections, stood firm on others, and agreed to produce responsive documents for many requests. *See generally* Doc. Nos. 72-5, 72-6. During the conferral process, on October 2, 2026, Plaintiff also served amended responses to the Fourth Requests. Doc. No. 72-4.

Defendant filed the motion to compel on October 7, 2026. Doc. No. 72. Shortly before the filing of the motion, Plaintiff notified Defendant that its vendor was finalizing production, and that Plaintiff anticipated producing some responsive documents by October 8th or 9th. Doc. No. 72-6, at 2. Plaintiff also informed Defendant that it would "need to do a rolling production for the remaining documents, which number approximately 96,000," through its third-party vendor. *Id.* The record also reflects that Plaintiff made an additional production on October 9, 2026. Doc. No. 74-2.

In the motion to compel, Defendant does not address the production Plaintiff anticipated making, nor does Defendant address Plaintiff's request to make a

rolling production. Doc. No. 72. Instead, Defendant states that as to the Third Requests, Plaintiff has not produced responsive documents as to Requests 1, 3, 5, 6, and 7 as promised in conferrals. *Id.* at 2. As to the Fourth Requests, Defendant states that Plaintiff agreed to produce some documents but not others with respect to Requests 5–7, 9–10, 12–13, 15–18, 21–29, 30–31, 33–35, and 37, and that certain of Plaintiff's objections remain outstanding with respect to Requests 9–13 and 15–16. *Id.* at 2–3. In response, Plaintiff says that through new counsel, it has made good faith efforts toward production on a rolling basis, has substantially narrowed its objections, and maintains its objections to a limited set of Requests. Doc. No. 74.

Based on the foregoing, it does not appear that the parties conducted a substantive conferral since the filing of Plaintiff's amended responses to the Fourth Requests. *Compare* Doc. No. 72, at 1, 4 (noting last conferral by telephone on September 28, 2026), *with* Doc. No. 25 ¶ 1 (requiring conferral in person or via telephone). Moreover, Plaintiff has made productions since the filing of the motion, Doc. No. 74-2, and it is not clear whether Plaintiff's forthcoming rolling production of "approximately 96,000" documents would resolve any of the present dispute. *See* Doc. No. 72. Therefore, the Court is unable to rule on the motion at present without further information from the parties, and the Court will require the parties to further confer and to file additional briefing with the Court.

Accordingly, it is **ORDERED** as follows:

1. Within **ten (10) days** of the date of this Order, the parties shall conduct a substantive meet and confer regarding Defendant's motion (Doc. No. 72). The meet and confer shall occur **in person, by telephone, or by videoconference** (email or other communication methods will not suffice). **On or before expiration of this deadline**, the parties shall file a joint status report, not to exceed **twenty (20) pages** in length, which shall set forth the following:

a. The date, time, and length of the conferral, and the progress and result of the conferral efforts, to include the precise issues that remain for resolution by the Court.

b. As to any issues that remain for resolution by the Court, the parties shall **reference the specific request for production by number**, followed by any **specific** objection(s) that remain outstanding as to that **specific** request, along with a brief recitation of each parties' position on the issue supported by citation to legal authority in support.

c. To the extent that any outstanding issue implicates Plaintiff's request for rolling production, the joint status report shall so state. Defendant must provide its position on Plaintiff's request for same. And Plaintiff must provide a detailed recitation as to what the rolling

production entails, to which requests for production it relates, and an anticipated date of completion for the rolling production.

2. The Court will utilize the joint status report as a roadmap for resolution of Defendant's motion to compel (Doc. No. 72). **Accordingly, any issue or specific request for production not explicitly addressed in the joint status report will be deemed resolved. Further, any objection as to any specific request for production not addressed and supported in the joint status report will be deemed waived**. The joint status report is not, however, an opportunity to raise any new issues, and it must be limited to the issues raised by Defendant's motion (Doc. No. 72) and Plaintiff's response (Doc. No. 74).

3. The parties are encouraged to engage in a good faith conferral effort to resolve this dispute. *See* Doc. No. 25 ¶ 8. It appears to the Court from the present briefing that a large part—if not all—of this discovery dispute can be resolved without further Court intervention.

**DONE** and **ORDERED** in Orlando, Florida on October 19, 2026.

Leslie Hoffman Price

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record