# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

THREATLOCKER, INC.,

Plaintiff,

v. Case No.: 6:25-cv-00923-AGM-LHP

CHARLES SCHWAB & CO. INC.,

Defendant,

---

## ORDER

This cause comes before the Court on Defendant Charles Shwab & Co. Inc.'s Time Sensitive Motion to Compel. Doc. No. 72.[1] Plaintiff ThreatLocker, Inc. responded in opposition. Doc. No. 74. Upon initial consideration of the motion, the Court ordered the parties to engage in further conferral and to file a status update with the Court. Doc. No. 75. The parties have timely filed same. Doc. No. 79; *see also* Doc. No. 78. The matter is ripe for review. For the reasons that follow, Defendant's motion (Doc. No. 72) will be granted in limited part, and denied without prejudice in all other respects.

In short, this dispute concerns Defendant's Third Set of Requests for Production to Plaintiff ("Third Requests") and Defendant's Fourth Set of Requests

[1] As previously noted, although labeled as "time sensitive," the only basis is scheduled depositions, which does not for the Court an emergency make. *See* Doc. No. 75.

for Production to Plaintiff ("Fourth Requests"). Doc. Nos. 72-1, 72-3. Since serving the requests, Plaintiff's counsel withdrew, new counsel appeared, there have been amended responses to the Fourth Requests, and Plaintiff has withdrawn some objections and has agreed to produce responsive documents to many of the requests. *See* Doc. Nos. 64–69, 72-2, 72-4, 72-5, 72-6, 74-1. Based on the initial motion and response, the Court could not resolve this dispute because of lack of adequate conferral and ongoing production by Plaintiff. *See* Doc. No. 75. Hence, the Court issued a supplemental conferral and briefing order, requiring the parties to again confer and address several things, to include identification of the specific requests for production at issue, the parties' positions on the issue, with *citation to legal authority in support*; as well as Plaintiff's ongoing rolling production, the parties' position on same, and the *anticipated completion date for the rolling production*. *Id.* at 4–5.

By their status report, the parties state that there are two issues still requiring resolution by the Court: (1) a date certain for the conclusion of Plaintiff's rolling production, which is ongoing and relates to numerous requests for production in the Fourth Requests and Request 6 from the Third Requests; and (2) Plaintiff's confidentiality objections as to certain requests for production in the Fourth Requests (9, 10, 11, 12, 13, 15). Doc. No. 79.

As to the rolling production issue, Defendant's motion will be granted in limited part, such that the Court will set a date certain for all responsive production from Plaintiff as to the outstanding discovery. *See, e.g.*, *Corcoran v. HCA, Inc.*, No. 8:25-cv-00105-SDM-NHA, 2025 WL 3067260, at *3 (M.D. Fla. Sept. 30, 2025) (compelling completion of rolling production by date certain). Indeed, despite the Court's request for Plaintiff's anticipated completion date for the rolling production, the status report merely provides ambiguous assertions that Plaintiff "hopes" to complete production "shortly after the filing" of the status report, that Plaintiff "will work to promptly" review documents, or that production will occur "as soon as possible." Doc. No. 79, at 4–5. This is insufficient. *See* Fed. R. Civ. P. 34, Advisory Committee Note to the 2015 Amendments ("When it is necessary to make the production in stages the response should specify the beginning and end dates of the production.").

Nonetheless, given that it is unclear what would remain outstanding once said production is made, particularly given that recent productions occurred on the same day as the status report, the Court will deny without prejudice the motion to compel on this issue in its remainder, subject to renewal once the production is complete. The Court notes that during the parties' conferrals, Plaintiff apparently has also agreed to serve amended discovery responses, with Defendant purporting

to reserve its right to "supplement or amend its motion to compel," Doc. No. 79, at 4 n.2, which also appears to make the current motion to compel premature.

Regarding the confidentiality objections, the status report also provides insufficient information to resolve this issue. As an initial matter, neither party provides citation to any legal authority in support of their position, contrary to the Court's directives. *See* Doc. No. 75, at 4; Doc. No. 79, at 14–19. Moreover, the status report suggests that the production by Plaintiff has yet to be made, particularly given that most of these requests (11, 12, 13, 15) are encompassed in the rolling production issue. *See* Doc. No. 79, at 10; *see also id.* at 14–16, 19 (stating that Plaintiff "agrees to produce" and/or "will produce" and/or "has agreed to provide" "non-customer-specific summary data"; "financial statements"; documents "demonstrating or summarizing" certain information with "non-specific customer data"; responsive documents "without customer-specific identifiers"; and/or "CRM and pipeline data without customer names, along with non-customer-specific summary data reflecting volumes, attrition, and pipeline").

While Defendant contends that "summary data" is insufficient and that customer identities are relevant, Defendant fails to explain what, if anything, has actually been produced or how that production is specifically insufficient to respond to the discovery requests. *See id.* at 16–18. Notably, Defendant's argument appears to be at least partially hypothetical based on an anticipated future

production. *See id.* at 17 (stating that from Plaintiff's current responses (which as noted above will be amended), it "appear[s]" that Plaintiff is withholding information). And Defendant does not provide a copy of the parties' confidentiality agreement to support its argument, nor citation to any legal authority suggesting that its concerns are not premature. *See id.* at 18. On the other hand, Plaintiff also does not adequately support its confidentiality objections, referencing "standard customer agreements" not provided to the Court, without providing any support for its position that production would violate any particular confidentiality agreement with a customer, and without identifying exactly what is being withheld. *See id.* at 18–19. *See also* Fed. R. Civ. P. 34(b)(2)(C) (requiring that the objection "state whether any responsive materials are being withheld on the basis of that objection"); Middle District Discovery (2021) § (III)(A)(7) ("[T]he nature of the documents withheld should be asserted explicitly[.]")

Under these circumstances, while the Court will also set a date certain for Plaintiff's responsive production as to Fourth Requests 9, 10, 11, 12, 13, 15, the Court finds the motion, as it currently stands and as supplemented by the status report, otherwise premature, based in part on the hypothetical nature of the arguments given Plaintiff's anticipated amendment to the discovery responses and ongoing production, and based in part on both sides' failure to adequately support their respective position in the joint status report, Doc. No. 79.

Accordingly, upon due consideration, it is **ORDERED** as follows:

1. Defendant's Motion (Doc. No. 72) is **GRANTED in part**.

2. Within **fourteen (14) days** of date of this Order, Plaintiff shall produce to Defendant all outstanding responsive documents in its possession, custody, and/or control as it relates to the Third Requests and Fourth Requests, as to which Plaintiff has withdrawn all objections. To the extent it has not already done so, Plaintiff shall also serve its amended responses to the discovery requests by this date. To the extent that any specific documents are being withheld based on any objection, Plaintiff's amended responses should so state with specificity. Fed. R. Civ. P. 33(b)(4); Middle District Discovery (2021) § (III)(A)(7).

3. Defendant's Motion (Doc. No. 72) is **DENIED without prejudice** in all other respects.[2] After the production required by this Order, Defendant may revisit the issues set forth in the status report (Doc. No. 79), as necessary and appropriate.

---

[2] The Court notes that Defendant did not request sanctions in the form of attorneys' fees or otherwise in the present motion, Doc. No. 72; *see also* Doc. No. 79, and given that the motion will be granted in part and denied in part, the Court declines to award sanctions at this time. *See* Fed. R. Civ. P. 37(a)(5)(C).

**DONE** and **ORDERED** in Orlando, Florida on November 9, 2026.

Leslie Hoffman Price

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record